IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MICHAEL PFLUGFEDER,
          Plaintiff,

    v.

DONALD BURNS,

          Defendant.

Civil Action
No. 16-1963 (JBS-AMD)

**MEMORANDUM OPINION**

    This matter comes before the Court on Plaintiff Michael Pflugfeder's ("Plaintiff") motion for default judgment [Docket Item 6] and motion to order clerk to enter default judgment [Docket Item 7], filed pursuant to Fed. R. Civ. P. 55(b)(1) and 55(b)(2).

    Plaintiff filed his Complaint on April 8, 2016 [Docket Item 1] and Summons were issued as to Defendant Donald Burns ("Defendant") the same day. [Docket Item 2.] Defendant Donald Burns was duly served on April 20, 2016. [Docket Item 3.] Defendant has failed to appear, or otherwise plead, in response to the Complaint. [Id.] Plaintiff appropriately filed his motion for entry of default judgment after the clerk entered default against Defendant on May 18, 2016. [Docket Item 5.] This Court finds that default judgment is not appropriate under Fed. R. Civ. P. 55(b)(2).

    1. According to the Complaint, Plaintiff's mother ("Vidal")

was a federal employee who obtained and contributed to her Thrift Savings Plan ("TSP"). (Cl. ¶ III(a), (b).) Vidal died on March 25, 2015 and had a will admitted to probate that excluded Defendant from obtaining any funds with the exception of $1.00. (Cl. ¶ III(e), (f); Ex. B, Last Will and Testament of Patricia Vidal.) Vidal's wishes were clear as to exclude Defendant from receiving any funds. (See Cl. ¶ III(g), Ex. B, "Last Will and Testament of Patricia Vidal" ("Donald Burns [and] Patricia Burns get to receive $1.00 when the youngest gets to the age of 35 (Thirty Five). They will not get any other inheritance, in any way, shape or form.")). Plaintiff alleges that he is solely entitled to Defendant's portion of the proceeds from Vidal's TSP. (Cl. ¶ III(i).) Plaintiff requests in his Complaint that this Court: (a) bar Defendant from filing any claim to Vidal's TSP policy, and (b) order Defendant's portion of the TSP policy or $150,000 be paid to Plaintiff, whichever is less. (Cl. ¶ IV)

2. Once a party has defaulted, the consequence is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n. 6 (3d Cir. 2005) (quoting Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). Entry of default judgment where damages are not a sum certain requires an application to the Court to prove, inter alia damages. Fed. R. Civ. P. 55(b)(2); Comdyne, 908 F.2d at 1149. In addition,

2

liability will not be established by default alone. D.B. v. Bloom, 896 F. Supp. 166, 170 n.2 (D.N.J. 1995) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, § 2681 (2d ed. 1983)).

3. "Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." Trucking Employees of N. Jersey Welfare Fund, Inc-Pension Fund v. Caliber Auto Transfer, Inc., No. 08-02782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (citing Unites States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (internal quotations omitted)). Default does not establish liability for the amount of damages claimed by the plaintiff. Id. (citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id.

4. Before considering Plaintiff's Motion, the Court must determine whether it has subject matter jurisdiction. Federal courts, as courts of limited jurisdiction, may not decide a matter in the absence of federal subject matter jurisdiction. See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 698, 702 (1982). Presently, the Court finds that the

probate exception to federal jurisdiction divests this Court of subject matter jurisdiction.

    5. "The probate exception is a jurisdictional limitation on the federal courts originating from the original grant of jurisdiction in the Judiciary Act of 1789." Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220, 226 (3d Cir. 2008); see also Markham v. Allen, 326 U.S. 490, 494 (1946) (explaining that the "jurisdiction conferred by the Judiciary Act of 1789, which is that of the English Court of Chancery in 1789, did not extend to probate matters.") (citation omitted). Under this exception, federal courts do not have jurisdiction over "the probate or annulment of a will [or] the administration of a decedent's estate." Marshall v. Marshall, 547 U.S. 293, 311 (2006). In essence, the probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate[.]" Id.  The exception leaves unaltered, however, the ability of federal courts to "adjudicat[e] matters outside [of] those confines and otherwise within federal jurisdiction." Id. at 312.

    6. According to paper attached to the Complaint, the Estate of Patricia Vidal, Deceased, is being administered by the Superior Court of New Jersey, Chancery Division – Probate Part, Docket No. CP-0105-15, which court has interpreted the instrument in an Order of October 6, 2015, including the amounts

4

of various bequests.

7. The Court will dismiss Plaintiff's motion for lack of subject matter jurisdiction. Plaintiff's Complaint in this instance seeks a judgment concerning interpretation and effect of Vidal's will. Plaintiff pleads that the Court bar Defendant from filing any claim to Vidal's TSP and give to Plaintiff any of Defendant's portion of the policy, (Cl. ¶ IV(a)-(b)) under the theory that "Vidal had a will admitted to probate that excluded the Defendants from obtaining any funds . . . ." (Cl. ¶ III(f).)  Thus, Plaintiff directly seeks "probate of the decedents" will. See Vogel v. Rosenblatt, No. 15-2715, 2016 WL 241380, at *1 (D.N.J. Jan. 20, 2016) (finding that a claim that required the court to interpret a will's bequest of property fell within the probate exception); Nerman v. Berman, No. 07-2506, 2009 WL 1617758, at *2 (D.N.J. June 9, 2009) (finding lack of federal jurisdiction because the theory of the defendant's affirmative defense required the court to find that "the will underlying Plaintiff's claim is void and unenforceable, . . . [and thus] would call upon the Court to determine whether or not to annul a will) (internal quotation omitted); c.f. Thorpe v. Borough of Thorpe, 770 F.3d 255, n.12 (3d Cir. 2014) (finding that the probate exception does not bar federal court jurisdiction because the "case involves the status of [the decedent's] remains, not his estate or will, and therefore does

5

not touch upon anything that could be considered a 'probate matter.'") Courts have recognized that the probate exception prohibits federal jurisdiction "over any claims for relief" or "theor[ies] of recovery" that require a determination concerning the validity and/or construction of a testamentary document. Grey v. Johansson, No. 13-7497, 2014 WL 4259432, at *4 (D.N.J. Aug. 26, 2014) (citing Rothberg v. Marger, No. 11-5497, 2013 WL 1314699, at *6-*7 (D.N.J. Mar. 28, 2013). Because the Plaintiff in this action expressly seeks recovery under Vidal's underlying will, it is readily apparent that the probate exception, in proscribing federal courts from "endeavoring to . . . probate or annul a will," Three Keys, 540 F.3d at 227, applies to this action.

    8. Further, to the extent the Complaint seeks judgment for monetary relief measured by the extent of the bequest on the (unexplained) sum of $150,000, this Complaint also invites this Court to intrude into the "administration of a decedent's estate," Marshall, 547 U.S. at 312, and thus falls into the probate exception barring this Court from exercising jurisdiction.

    9. Accordingly, the probate exception divests the Court of subject matter jurisdiction over Plaintiff's Motion for Default Judgment.

    10. For the reasons set forth above, the Court will sua

6

sponte dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, and Plaintiff's Motion for Default judgment under either 55(b)(1) or 55(b)(2) is denied as moot. Nothing herein addresses the merits, if any, of Plaintiff's claims, and nothing herein precludes Plaintiff from seeking relief in a court of competent jurisdiction, namely the Superior Court of New Jersey, Chancery Division, Probate Part. An order consistent with this Opinion will be entered.


**November 2, 2016**            **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                  Chief U.S. District Judge